**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAGISTRATE MAHDI SUFI EL, *Individually and on behalf of the Moorish International Mission,*<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, CAMDEN COUNTY, CHERRY HILL TOWNSHIP,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-03817 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Mahdi Sufi El, *pro se*
842 N. Hutton Street
Philadelphia, PA 19104

Thomas Francis Sindel, Jr, Esquire
Office of the Attorney General of New Jersey
25 Market Street
Trenton, NJ 08625
*Counsel for Defendant State of New Jersey*

Krista Schmid, Esquire
Office of Camden County Counsel
520 Market Street, 14th Floor
Camden, NJ 08102
*Counsel for Defendant Camden County*

John Charles Gillespie, Esquire
Parker McCay, PA
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Counsel for Defendant Cherry Hill Township*

This matter comes before the Court by way of the Motion for Preliminary Injunction filed by Plaintiff "Magistrate Mahdi Sufi El" ("Plaintiff").[1] For the reasons set forth below, Plaintiff's Motion is denied.[2]

1)      Plaintiff, proceeding *pro se*, brings this action against Defendants the State of New Jersey (the "State"), the County of Camden, New Jersey (the "County"), and Cherry Hill Township (the "Township") (collectively, "Defendants").[3] According to the Complaint, on or around August 18, 2018,[4] Plaintiff participated in a "made-for-tv prayer night worship session" in a hotel room at the Feather Nest Inn in Cherry Hill, New Jersey. Compl. at 6, ¶ 13. While on patrol, Cherry Hill Township police officers noticed Plaintiff's wife and another occupant in a vehicle parked directly in front of the hotel room, smoking what was later admitted to be marijuana. *Id.* ¶¶ 14-15; ECF No. 11, Ex. A, Page 3. Upon searching the vehicle, the officers uncovered several objects, including marijuana, a 9 mm handgun, a magazine with seven 9 mm rounds, and a nylon holster. Compl. at 10-11, ¶ 29; ECF No. 11, Ex. A, Pages 2-3. Plaintiff admitted that the handgun belonged

---

[1] The Court recites only those facts in Plaintiff's Complaint that are pertinent to the instant Motion for Preliminary Injunction.

[2] At the outset, the Court notes that there is also pending a second Motion for Preliminary Injunction filed on September 12, 2022. ECF No. 15. This Motion, however, was prepared and signed by "S. Natema Bey," presumably Plaintiff's wife. However, because Ms. Bey does not appear to be an attorney licensed to practice law, she is prohibited from representing her husband in any representative capacity. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). To this end, this second Motion for Preliminary Injunction is dismissed.

[3] In addition to bringing this action in his own right, Plaintiff also purports to bring claims on behalf of the Moorish International Mission— a religious house of worship and tax-exempt entity in good standing with the New Jersey Department of Taxation. Compl. at 3, ¶¶ 8–9. Although a non-lawyer is permitted to represent himself or herself *pro se*, he or she is prohibited from representing another person or entity. *See, e.g., Schneller v. Crozer Chester Med. Ctr.*, 276 F. App'x 169, 170 n.1 (3d Cir. 2008) (affirming prohibition against *pro se* litigants from representing other persons or entities in court). Thus, to the extent Plaintiff's Motion for Preliminary Injunction seeks relief on behalf of the Moorish International Mission, Plaintiff's Motion is accordingly denied.

[4] This Court notes Plaintiff lists the date of the incident as July 25, 2018 in his Complaint. Compl. at 6, ¶ 13. Pursuant to Federal Rule of Evidence 201(c)(1), this Court takes judicial notice that the incident occurred on August 18, 2018 as reflected in the order entered on March 6, 2019 by the Honorable Renée Marie Bumb. *See Magistrate Mahdi Sufi El v. Cherry Hill Twp.*, No. 19-7808 (D.N.J. Mar. 6, 2019); *see also* ECF No. 11, Ex. C.

to him. ECF No. 11, Ex. A, Page 4. Plaintiff was subsequently detained, arrested, and charged with unlawful possession of a firearm, though was released shortly thereafter. Compl. at 9, ¶¶ 23-24. Plaintiff was later indicted by a New Jersey grand jury for second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(B)(1) and failed to appear in court for pretrial intervention. ECF No. 11, Ex. E. In July 2019, a bench warrant was issued for Plaintiff's arrest. *Id.* However, because the foregoing occurred within the context of a religious service, Plaintiff asserts in his Complaint that the Township, by way of its officers, violated his constitutionally protected right to assemble and freely exercise his religion when it searched, detained, and arrested him. *See* Compl. at 7-8, ¶¶ 17-19. On August 22, 2022,[5] Plaintiff was arrested by officers of the Pennsauken Police Department on the outstanding bench warrant.[6] ECF No. 14, Page 1; ECF No. 11, Ex. F. On September 9, 2022, Plaintiff filed the Motion for Preliminary Injunction seeking "to stop Defendants from retaliating against [P]laintif[f] for filing a federal case against them" and "to prevent them from continuing their religious[ ]persecution of [P]laintiff and his family."[7] ECF No. 14, Page 3, ¶ 17. Plaintiff appears to allege that Defendants' "publishing of false charges" and "false-imprisonment" resulting from his August 22, 2022 arrest has "jeopardized . . . housing benefits," resulted in him "losing all his clients" in connection with his chaplaincy, placed him at risk of losing his "job . . .

---

[5] Plaintiff states in the Motion for Preliminary Injunction that he was arrested on August 19, 2022. ECF No. 14, Page 1, ¶ 1. The record before this Court reflects the warrant for Plaintiff's arrest was executed on August 22, 2022. ECF No. 11, Ex. F.

[6] Plaintiff alleges that the State and the County acted through their "agents/actors" of the Pennsauken Police Department. ECF No. 14, Page 1, ¶¶ 2, 4. The Court clarifies that Plaintiff does not implicate the Pennsauken Police Department in the instant action.

[7] Plaintiff titles his submission "Motion for Temporary Injunction". This Court interprets that document as a motion for preliminary injunction and hereby references the Clerk's note entered on September 12, 2022 stating that "Motions [are] No Longer Referred: 14 MOTION Temporary Injunction". ECF No. 14.

3

as an Arraignment Court Magistrate," and has caused him and his family emotional distress. ECF No. 14, Page 3, ¶¶ 11-13, 15.

2) Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). As a threshold matter, the party seeking such relief must demonstrate (1) a likelihood of success on the merits, and (2) that it is more likely than not that the party will suffer irreparable harm in the absence of injunctive relief. *See Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming denial of injunction where harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords"). If the record does not, at a minimum, support both a likelihood of success on the merits and a finding of irreparable injury, preliminary injunctive relief cannot be granted. *Petlock v. Nadrowski*, No. 16-310, 2018 WL 491622, at *1 (D.N.J. Jan. 19, 2018).[8]

3) Plaintiff's Motion asks the Court for an order enjoining Defendants for three years from continuing to religiously persecute him and his family in retaliation for having filed the instant action. It appears Plaintiff is seeking a preliminary injunction because he believes

---

[8] If the moving party satisfies the first two factors, the Court then considers (3) whether granting preliminary injunction would cause harm to the opposing party and (4) the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017). However, for the reasons explained, *infra*, the Court need not, and does not, reach these factors.

4

Defendants arrested him on August 22, 2022, in retaliation for having filed the instant action. The problem, however, is that in his Complaint, Plaintiff does not allege any facts suggesting that his arrest was "retaliation" at all, much less an attack on his religious freedom. To this end, Plaintiff's attempt to raise a retaliation claim by the filing of the Motion for Preliminary Injunction must fail. In other words, because Plaintiff cannot relate retaliation to the existing Complaint, his Motion for Preliminary Injunction on these grounds must be denied.

Therefore,

**IT IS** this 1st day of **June 2023**, hereby

**ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 14) is **DENIED.**[9]

KAREN M. WILLIAMS
United States District Judge

---

[9] For the reasons explained in n.2, *infra*, the second Motion for Preliminary Injunction filed on September 12, 2022 (ECF No. 15) is dismissed.