**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAGISTRATE MAHDI SUFI EL, *Individually and on behalf of the Moorish International Mission,*<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, CAMDEN COUNTY, CHERRY HILL TOWNSHIP,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-03817 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Mahdi Sufi El, *pro se*
842 N. Hutton Street
Philadelphia, PA 19104

Thomas Francis Sindel, Jr, Esquire
Office of the Attorney General of New Jersey
25 Market Street
Trenton, NJ 08625
*Counsel for Defendant State of New Jersey*

Krista Schmid, Esquire
Office of Camden County Counsel
520 Market Street, 14th Floor
Camden, NJ 08102
*Counsel for Defendant Camden County*

John Charles Gillespie, Esquire
Parker McCay, PA
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Counsel for Defendant Cherry Hill Township*

This matter comes before the Court by way of the Motion to Dismiss the Complaint of Plaintiff "Magistrate Mahdi Sufi El" (ECF No. 11) filed by Defendant Cherry Hill Township (the "Township") and the Motion for Judgment on the Pleadings (ECF No. 29) filed by Defendant

County of Camden, New Jersey (the "County").[1]  For the reasons set forth below, the Motions filed by the Township and the County are granted.

1)     Plaintiff, proceeding *pro se*, brings this action against Defendants the State of New Jersey (the "State"), the County, and the Township (collectively, "Defendants").[2]  According to the Complaint,[3] on or around August 18, 2018,[4] Plaintiff participated in a "made-for-tv prayer night worship session" in a hotel room at the Feather Nest Inn in Cherry Hill, New Jersey.  Compl. at 6, ¶ 13.  While on patrol, Cherry Hill Township police officers noticed Plaintiff's wife and another occupant in a vehicle parked directly in front of the hotel room, smoking what was later admitted to be marijuana.  *Id.* ¶¶ 14–15; ECF No. 11, Ex. A, Page 3.  Upon searching the vehicle, the officers uncovered several objects, including marijuana, a 9 mm handgun, a magazine with

---

[1] The Court recites only those facts in Plaintiff's Complaint that are pertinent to the instant Motion to Dismiss and Motion for Judgment on the Pleadings.

[2] In addition to bringing this action in his own right, Plaintiff also purports to bring claims on behalf of the Moorish International Mission, a religious house of worship and tax-exempt entity in good standing with the New Jersey Department of Taxation which Plaintiff alleges engages in business as "Vessel of the Moroccan Empire." Compl. at 3, ¶¶ 8–10. Although a non-lawyer is permitted to represent himself or herself *pro se*, he or she is prohibited from representing another person or entity. *See, e.g., Schneller v. Crozer Chester Med. Ctr.*, 276 F. App'x 169, 170 n.1 (3d Cir. 2008) (affirming prohibition against *pro se* litigants from representing other persons or entities in court). Thus, to the extent Plaintiff attempts to bring claims on behalf of the Moorish International Mission, those claims are dismissed.

[3] As discussed later in this opinion, Plaintiff filed his Complaint on June 13, 2022. On October 27, 2022, Plaintiff filed an Amended Complaint, adding one additional defendant – John Korobellis ("Korobellis"), who Plaintiff alleges is an employee and police officer of the Township. ECF No. 30, Page 2, ¶ 6. On November 1, 2022, the Township filed a letter requesting that this Court ignore Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 15 as being untimely or improperly filed. ECF No. 32. On November 18, 2022, the Honorable Elizabeth A. Pascal, U.S.M.J., ruled that Plaintiff's Amended Complaint was not properly filed under Fed. R. Civ. P. 15(a) because Plaintiff lacked the opposing parties' consent or the Court's leave to file the Amended Complaint. ECF No. 39. Judge Pascal advised Plaintiff he could file a motion seeking leave to amend his Complaint. *Id.* In response, Plaintiff advised Judge Pascal that his Amended Complaint (ECF No. 30) and accompanying exhibits (ECF No. 36) were his opposition to the motions to dismiss filed by the Township and the State. *Id.* Accordingly, this Court considers the initial June 13, 2022 filing by Plaintiff as the operative Complaint. Consequently, Korobellis is not a party to this case and this Court will not consider any purported claims against him.

[4] This Court notes Plaintiff states in his Complaint that the date of the incident was on or about July 25, 2018. Compl. at 6, ¶ 13. Pursuant to Fed. R. Evid. 201(c)(1), this Court takes judicial notice that the incident occurred on August 18, 2018 as reflected in the order entered on March 6, 2019 by the Honorable Renée Marie Bumb, U.S.D.J. (the "March 6, 2019 Order"). *See Magistrate Mahdi Sufi El v. Cherry Hill Twp.*, No. 19-7808 (D.N.J. Mar. 6, 2019); *see also* ECF No. 11, Ex. C.

seven 9 mm rounds, and a nylon holster. Compl. at 10-11, ¶ 29; ECF No. 11, Ex. A, Pages 2-3. Plaintiff admitted that the handgun belonged to him. ECF No. 11, Ex. A, Page 4. Plaintiff was subsequently detained, arrested, and charged with unlawful possession of a firearm, though was released shortly thereafter. Compl. at 9, ¶¶ 23-24. Because the foregoing occurred within the context of a religious service, Plaintiff asserts in his Complaint that the Township, by way of its officers, violated his constitutionally protected right to assemble and freely exercise his religion when it searched, detained, and arrested him. *See* Compl. at 7-8, ¶¶ 17-19.

2) Plaintiff was later indicted by a New Jersey grand jury for second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(B)(1), and failed to appear in court for pretrial intervention. ECF No. 11, Ex. E. In July 2019, a bench warrant was issued for Plaintiff's arrest. *Id.* On August 22, 2022, Plaintiff was arrested on the outstanding bench warrant. ECF No. 11, Ex. F.

3) In addition to the claims stemming from the incident that occurred on August 18, 2018, Plaintiff asserts that his rights to freely exercise his religion and to assemble were violated when the County sold a "tax-exempt church/temple" located at "7606-7610 River Road[,] Penns[au]ken, NJ 08110" (the "Property") at a tax delinquency sale.[5] Compl. at 6, ¶ 16. However, the records submitted by the County establish that on November 23, 2016, the mortgagee of the Property, Mtglq Investors, L.P. (the "Mortgagee"), commenced a foreclosure action against several parties, including Vessel of the Moroccan Empire, in the Superior Court of New Jersey, Chancery Division, Case No. F-031541-16 (the "Foreclosure Action"). ECF No. 29, Ex. A. In the Foreclosure Action, the Mortgagee alleged that a mortgage on the Property was executed on

---

[5] Plaintiff asserts his claims with regard to the tax delinquency sale not only on behalf of himself but also on behalf of the Moorish International Mission. As previously noted in n.2, *infra*, Plaintiff, as a non-lawyer, is prohibited from representing another person or entity. Accordingly, the claims on behalf of the Moorish International Mission are dismissed.

3

July 29, 1999, that regular monthly payments were not made on the mortgage, and the mortgage went into default on September 1, 2006. *Id.* Following several years of motion practice and administration of the complaint, the state court entered a final judgment on March 12, 2020, ordering a public sale of the Property to satisfy the debt on the mortgage.[6] ECF No. 29, Ex. C. Consequently, a public sale of the Property was held on March 16, 2022. ECF No. 29, Ex. E, Page 4.

4)   Plaintiff filed the instant action on June 13, 2022. In the Complaint, Plaintiff appears to allege that the Township, by way of its officers, violated Plaintiff's right to freely exercise his religion when he was arrested on August 18, 2018, and unlawfully detained him for firearm possession following the arrest. *See* Compl. at 8-9, ¶¶ 19, 23. Plaintiff further alleges the Township conducted warrantless searches of the hotel room where he was arrested and of the vehicle that was parked outside of his hotel room. *Id.* at 10, ¶¶ 27, 28. Plaintiff's Complaint also includes an allegation that the County violated Plaintiff's right to freely exercise his religion, right to assemble, and due process when the Property was sold at the mortgage foreclosure sale. *Id.* at 12, ¶¶ 32, 33. Plaintiff asserts four causes of action in his Complaint: 1) violation of religious freedom, 2) unlawful detention, 3) searches without a warrant, and 4) deprivation of rights under color of law. *Id.* at 7-11. Plaintiff's demands for relief include money damages and an injunction "prohibiting Defendants from the continued publishing of the warrant that was produced as a result of a raid on a religious prayer night session." *Id.* at 13.

5)   Importantly, the instant action is Plaintiff's second suit against the Township related to the events that occurred on August 18, 2018. In Plaintiff's first suit against the Township

---

[6] In the Complaint, Plaintiff incorrectly refers to the mortgage foreclosure sale as a "tax delinquency sale" that occurred in "May, 2022." Compl. at 6, 12, ¶¶ 16, 32. The proceeding over the Property was indeed a mortgage foreclosure sale that occurred on March 16, 2022, and this Court will refer to that proceeding as such. *See* ECF No. 29, Ex. E, Page 4.

(the "First Action"), Plaintiff alleged the Township, by way of its police officers, violated 42 U.S.C. § 1983 when it "(a) 'illegally searched a 'church-owned vehicle' in Plaintiff's possession, (b) 'illegally' 'seized' 'property', and then (c) 'false[ly] arrest[ed]' Plaintiff after finding a 'disassembled handgun' in the vehicle." *Magistrate Mahdi Sufi El v. Cherry Hill Twp.*, No. 19-7808 (D.N.J. Mar. 6, 2019) (alteration in original); *see also* ECF No. 11, Ex. C. Plaintiff sought "\$5 million in 'damages' and an injunction 'extinguish[ing] the false charges of gun possession.'" *Magistrate Mahdi Sufi El v. Cherry Hill Twp.*, No. 19-7808 (D.N.J. Mar. 6, 2019) (alteration in original). On March 6, 2019, the Honorable Renée Marie Bumb, U.S.D.J. dismissed Plaintiff's complaint without prejudice after finding Plaintiff failed to plead facts supporting a claim of municipal liability against the Township. *Id.* However, Judge Bumb granted Plaintiff leave to amend his complaint on or before April 5, 2019 or face dismissal of his Complaint with prejudice. *Id.* Plaintiff did not file an amended complaint within the time permitted by Judge Bumb and the case was dismissed with prejudice on April 12, 2019 (the "April 12, 2019 Order"). *Magistrate Mahdi Sufi El v. Cherry Hill Twp.*, No. 19-7808 (D.N.J. Apr. 12, 2019); *see also* ECF No. 11, Ex. D.

6) "The standard under which the Court must analyze [a] plaintiff's complaint and [a] defendant['s] arguments in a Rule 12(c) motion for judgment on the pleadings is the same as the standard in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *See Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 497 (D.N.J. 2001). Just as a court is permitted to grant a motion to dismiss when a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a court may grant a motion for judgment on the pleadings when the "movant clearly establishes that no material issue of fact

5

remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *Pro se* complaints are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* litigants, however, must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting *McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996)).

7)  The Township first moves for a dismissal of Plaintiff's Complaint on the basis that it is barred by claim preclusion. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010). A party seeking to invoke res judicata must establish: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privities and (3) a subsequent suit based on the same cause of action." *Strunk v. Wells Fargo Bank*, N.A., 614 F. App'x 586, 588 (3d Cir. 2015) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). Claim preclusion "encompasses not only those claims brought [by] a plaintiff, but those claims that *could have been brought* 'with respect to all or any

6

part of the transaction . . . out of which the action arose.'" *Simoni v. Luciani*, 872 F. Supp. 2d 382, 395 (D.N.J. 2012) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). Claim preclusion may be applied even where parties in the first and second actions are identical with the exception of additional parties in the second case. *See Heine v. Dir. of Codes & Standards*, No. 15-8210, 2017 WL 3981135, at *8 (D.N.J. Sept. 11, 2017). Moreover, just because a plaintiff pleads different statutes in each action, asserts different theories of recovery, or seeks different relief in the two actions does not render the claims in each action different for purposes of res judicata. *See United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). The "focal points of our analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same[,] and whether the witnesses and documentation required to prove such allegations were the same." *Id.*

8)  Here, Plaintiff's Complaint as to the Township is barred by claim preclusion. The first element of claim preclusion is satisfied because the April 12, 2019 Order – which dismissed with prejudice the complaint Plaintiff filed against the Township in the First Action concerning the same arrest, vehicle search, and sale of property that are the basis for the instant action – constituted a final judgment on the merits with respect to those incidents which Plaintiff now seeks to revisit. Indeed, a dismissal of a complaint with prejudice constitutes a final judgment on the merits. *See ITT Corp. v. Intelnet Int'l Corp.*, 336 F.3d 205, 214 n.17 (3d Cir. 2004) ("[A] dismissal with prejudice clearly constitutes an adjudication on the merits . . . ."); *see also Velasquez v. Franz*, 589 A.2d 143, 148 (N.J. 1991) ("A judgment of involuntary dismissal or a dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'" (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972))). The March 6, 2019 Order dismissed without prejudice Plaintiff's complaint after finding Plaintiff failed to plead

7

facts that he suffered a constitutional injury under § 1983 but allowed Plaintiff leave to file an amended complaint. Thereafter, the April 12, 2019 Order dismissed Plaintiff's complaint with prejudice because Plaintiff failed to file an amended complaint. The federal claim Plaintiff asserted against the Township in the First Action was disposed of in a final judgment on the merits for purposes of res judicata. Accordingly, the Township has satisfied the first element of claim preclusion.

9) Second, the Township has satisfied the "same parties or their privities" requirement of claim preclusion. Here, Plaintiff named the Township as a defendant in the First Action and in the instant action. Plaintiff named the State and the County as defendants in the instant action but not in the First Action. The "same parties or their privities" requirement does not fail because Plaintiff did not name the State and the County in the First Action. *See Gregory v. Chehi*, 843 F.2d 111, 119 (3d Cir. 1988) ("The essence of the cause of action . . . is not altered by the addition of more parties."). Moreover, the Third Circuit has noted that claim preclusion "may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Lubrizol Corp.*, 929 F.2d at 966; *see, e.g., Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 n.2 (3d Cir. 2014) (affirming district court's dismissal of plaintiff's complaint in second case on ground of claim preclusion even though complaint included additional defendant not named in operative complaint in first case); *Sheridan*, 609 F.3d at 261 (defendant met same parties requirement of claim preclusion defense because defendant and plaintiff were parties in both actions even though additional parties were added in second action). Accordingly, the Township satisfies the second element of claim preclusion.

10) Third, the claims in the instant action for violation of religious freedom, unlawful detention, searches without a warrant, and deprivation of rights under color of law are based on the same "cause of action" asserted in the First Action. The Third Circuit takes a broad view of what constitutes the same cause of action, *Sheridan*, 609 F.3d at 261, and has noted that a "'[c]ause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." *Athlone Indus.*, 746 F.2d at 983 (alteration in original). Res judicata "*generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.*" *Id.* at 983 (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)). A review of claims for "essential similarity," "reflects the 'present trend . . . of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *Duhaney*, 621 F.3d at 348. In reviewing claims for "essential similarity," the Court must determine: "(1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the *material* facts alleged are the same." *Sheridan*, 609 F.3d at 261 (alteration in original).

11) Here, the Court finds that the claims asserted against the Township in the instant action and the factual circumstances giving rise to those claims essentially duplicate those brought in the First Action. Plaintiff alleges in both actions that the events from August 18, 2018 involved an unlawful arrest and unlawful searches of his hotel room and a vehicle. Plaintiff's demands stemming from the events of August 18, 2018 are also essentially the same – he seeks money damages and an injunction prohibiting the warrant for gun possession charges from being "published" or otherwise "extinguished." Notably, the theories of recovery in each case are different. In the First Action, Plaintiff alleged the Township's illegal search of a vehicle, illegal

seizure of property, and false arrest for possession of a handgun violated § 1983. By contrast, in the instant action, Plaintiff seeks relief on the basis that the Township violated his right to freely exercise his religion when he was arrested, searched his hotel room and a vehicle without warrants, and unlawfully detained him following his arrest for possession of a firearm. While the theories of recovery are different, this does not change the fact that the underlying assertions giving rise to his claims are the same. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (same cause of action analysis "does not depend on the specific legal theory invoked, but rather 'the essential similarity of the underlying events giving rise to the various legal claims'" (quoting *Davis*, 688 F.2d at 171)); *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) ("It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions."). Indeed, claim preclusion is properly applied to Plaintiff's claims in the instant action because the doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney*, 621 F.3d at 347 (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Because the federal theories asserted by Plaintiff against the Township in both actions are based on the same factual conduct underlying the events that occurred on August 18, 2018, the witnesses and documents necessary to establish the federal claims at trial in the instant action are the same that were needed to establish Plaintiff's claims in the First Action. Thus, the claims Plaintiff brings in the instant action against the Township are essentially the same as those raised in the First Action, constituting the same cause of action and thus satisfying the third prong of claim preclusion.

12) As Plaintiff's Complaint against the Township is dismissed pursuant to claim preclusion, the Court does not address the Township's remaining arguments with respect to 1)

issue preclusion, 2) whether the Complaint is time-barred, 3) Plaintiff's inability to challenge his criminal charges by means of a civil complaint, or 4) vicarious liability.

13) Separately, the County moves, in part, for judgment on the pleadings on the basis that Plaintiff's Complaint falls short of the pleading requirements outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The County argues that Plaintiff has a "fundamental misunderstanding" of the legal basis for the sale of the Property and that it was the mortgagee of the Property, rather than the County, who initiated the foreclosure proceedings which caused the property to be sold at the mortgage foreclosure sale. County's Br. at 7.

14) The adequacy of the pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege a "short and plain statement of the claim showing that the pleader is entitled to relief." *See also Phillips*, 515 F.3d at 231 (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief" (quoting *Twombly*, 550 U.S. at 555 n.3)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In considering the plaintiff's claims, the Court may consider and take judicial notice of matters of public record. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Matters of public record may include prior judicial proceedings, *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009), and other documents deemed to be public records by law, *Del. Nation v. Pennsylvania*, 446 F.3d 410, 414 n.6 (3d Cir. 2006).

11

15) Here, Plaintiff alleges that the Property was sold at a "tax delinquency sale" and that this sale violated his right to freely exercise his religion, right to assemble, and due process. Ostensibly, Plaintiff seeks relief based on the assertion that the County as a governmental entity sold the Property in violation of his constitutional and/or statutory rights to be free from governmental interference. However, the undisputed documentary evidence demonstrates that the sale of the Property was not the result of state action at all. Indeed, attached as exhibits to its Motion for Judgment on the Pleadings, the County has submitted filings from the state foreclosure action that was commenced by the Mortgagee of the Property, including the court docket, the complaint, and a final judgment ordering a public sale of the Property to satisfy the mortgage debt. *See* ECF No. 29, Exs. A, C. This Court takes judicial notice of the state foreclosure action that was filed by the Mortgagee of the Property, that a public sale of the property was lawfully held on March 16, 2022, and that the County was not the party initiating that action. *See* Fed. R. Evid. 201(b) (a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"). Thus, Plaintiff's allegation does not meet the plausibility standard which would allow this Court to draw a reasonable inference that the County is liable for unlawfully selling the Property or that the Property was unlawfully sold in violation of Plaintiff's right to freely exercise his religion, right to assemble, and due process. Rather, the sale of the Property was initiated by and sold to satisfy a private debt to a private entity. Thus, factually, Plaintiff's claim fails. As a preliminary matter, in order to succeed on any cause of action against the County, Plaintiff would have to prove that it was the County who deprived him of his property. However, as explained above, the state foreclosure action was a private action by the Mortgagee. Legally, Plaintiff's claim also fails. In reading the Complaint in the light most favorable to Plaintiff, his cause of

12

action against the County is based on constitutional violations. While Plaintiff may have had a cause of action against a municipal entity had the tax-exempt property been involved in a tax delinquency sale, that is not the type of cause of action implicated here. At issue here is the mortgage foreclosure sale which is a private cause of action by the Mortgagee. Thus, the state action required to advance Plaintiff's constitutional claim is absent. Accordingly, Plaintiff's Complaint against the County is dismissed.

16) As Plaintiff's Complaint against the County is dismissed for failure to adequately plead allegations showing that he is entitled to relief under Fed. R. Civ. P. 8, the Court need not address the County's remaining arguments with respect to liability under § 1983.

## ORDER

IT IS this 21st day of **June, 2023**, hereby

**ORDERED** that the Township's Motion to Dismiss (ECF No. 11) is **GRANTED**.

**ORDERED** that the County's Motion for Judgment on the Pleadings (ECF No. 29) is **GRANTED**.

**ORDERED** that Plaintiff's Complaint against the Township and the County is therefore **DISMISSED** with prejudice.

KAREN M. WILLIAMS
United States District Judge