**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAGISTRATE MAHDI SUFI EL, <br><br> *Individually and on behalf of the Moorish International Mission*, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, CAMDEN COUNTY, CHERRY HILL TOWNSHIP, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 22-03817 (KMW-MJS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Mahdi Sufi El, *pro se*
842 N. Hutton Street
Philadelphia, PA 19104

Thomas Francis Sindel, Jr, Esquire
Office of the Attorney General of New Jersey
25 Market Street
Trenton, NJ 08625
*Counsel for Defendant State of New Jersey*

Krista Schmid, Esquire
Office of Camden County Counsel
520 Market Street, 14th Floor
Camden, NJ 08102
*Counsel for Defendant Camden County*

John Charles Gillespie, Esquire
Parker McCay, PA
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Counsel for Defendant Cherry Hill Township*

This matter comes before the Court by way of the Motion to Dismiss the Complaint of Plaintiff "Magistrate Mahdi Sufi El" (ECF No. 19) filed by Defendant State of New Jersey (the

"State") and the Amended Motion for Preliminary Injunction[1] (ECF No. 53) filed by Plaintiff. For the reasons set forth below, the Motion to Dismiss filed by the State is granted. Plaintiff's Amended Motion for Preliminary Injunction is denied.

1) Plaintiff, proceeding *pro se*, brings this action against Defendants the State; County of Camden, New Jersey (the "County"); and Cherry Hill Township (the "Township"), (collectively, "Defendants").[2] For a complete recitation of the facts that form the basis of Plaintiff's Complaint which remain pertinent to the instant Motion to Dismiss and Amended Motion for Preliminary Injunction, *see* ECF No. 55, Pages 2-5. With regard to claims Plaintiff brings against the State, Plaintiff appears to allege that the State violated his right to freely exercise his religion when his hotel room was searched on August 18, 2018, without a warrant, and when he was detained and arrested for firearm possession. *See* Compl. at 8, 10, ¶¶ 19, 27. Plaintiff further alleges the State "commit[ted] libel in . . . [the] publishing of a defective warrant" against him. *Id.* at 9, ¶ 25; *see also id.* at 7, ¶ 17. In addition to asserting claims stemming from the incident that occurred on August 18, 2018, Plaintiff asserts that his right to freely assemble was violated when the State "imposed an onerous financial penalty . . . [and] disregard[ed] his ministry's tax-exempt status" in connection with the sale of 7606-7610 River Road in Pennsauken,

---

[1] As discussed more fully later in this opinion, Plaintiff improperly requests by way of an amended motion for preliminary injunction that the State release Plaintiff from incarceration. As neither Fed. R. Civ. P. 65 nor L. Civ. R. 65.1 includes a procedure on filing an amended motion for preliminary injunction, this Court analogizes that type of filing with the filing of an amended pleading under Fed. R. Civ. P. 15(a). Rule 15(a)(2) requires that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff did not seek leave to amend his Motion for Preliminary Injunction. Furthermore, Plaintiff was made aware of Rule 15 in a case status conference before Judge Pascal on November 15, 2022, regarding the filing of an amended complaint. ECF No. 39. In the interest of liberally construing *pro se* pleadings and other submissions, particularly when dealing with an imprisoned *pro se* litigant, this Court will consider the Amended Motion for Preliminary Injunction Plaintiff filed on April 17, 2023 (ECF No. 53) as the operative motion. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013).

[2] The Court has addressed the propriety of Plaintiff's representation of the Moorish International Mission and hereby incorporates by reference that discussion from a prior opinion. *See* ECF No. 55, Page 2 n.2.

New Jersey, 08110 (the "Property") at a tax delinquency sale.  *Id.* at 8, ¶ 20; *see also id.* at 6-7, ¶¶ 16, 17.

2)     On April 5, 2023, Plaintiff filed a Motion for Preliminary Injunction,[3] essentially arguing that the State should "Quash, Withdraw, or Vacate" the charges in case number 18-069183 before the Superior Court of New Jersey in the Camden Vicinage due to "Lack of Original Jurisdiction."  ECF No. 52.  Plaintiff appears to argue that he should be released from incarceration because he did not possess a firearm as evidenced by "body cam footage".  *Id.*  On April 17, 2023, Plaintiff filed an Amended Motion for Preliminary Injunction making substantially the same arguments he made in the April 5 filing but including that he was required to attend a "[c]ontinuing [e]ducation [t]raining" on May 3-5, 2023, which he appears to use as an additional reason supporting his argument for early release from incarceration.  ECF No. 53.

3)     Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  *Pro se* complaints are liberally construed and "held to less

---

[3] As with previous filings Plaintiff has made for injunctions on this docket, this Court interprets Plaintiff's Motion for "Immediate Emergency Injunction" as a Motion for Preliminary Injunction.  *See* ECF No. 54, Page 3 n.7.

3

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245. A complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting *McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996)).

4) The State first moves for dismissal of Plaintiff's Complaint on the basis that this Court lacks subject matter jurisdiction over the State and the State is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent express consent, the amendment "has been interpreted to make states generally immune from suit by private parties in federal court," *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001); s*ee also Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 488 (D.N.J. 2006). The three exceptions to sovereign immunity are: 1) congressional abrogation, which means Congress authorizes a suit against a state, 2) the state waives sovereign immunity by consenting to the suit, and 3) a suit against individual state officers for prospective relief to end an ongoing violation of federal law. *See MCI Telecomm. Corp.*, 271 F.3d at 503-04.

5) Here, none of the exceptions to sovereign immunity apply. The State is immune from suit as it falls squarely within the Eleventh Amendment's immunity protection. Plaintiff alleges the State searched his hotel room without a warrant and unlawfully arrested and detained him for firearm possession following the arrest. Plaintiff further alleges the State has committed

4

libel in "publishing" a "defective warrant". He seeks millions of dollars in damages and an injunction prohibiting the publishing of the warrant against Plaintiff when the State is protected by the Eleventh Amendment and has not consented to the instant suit. Therefore, Plaintiff's Complaint against the State is barred under the Eleventh Amendment.

6) As Plaintiff's Complaint against the State is dismissed pursuant to Eleventh Amendment immunity, the Court does not address the State's remaining arguments with respect to 1) pleading deficiencies with respect to claims against the State and 2) whether Plaintiff's claims are barred by a two-year statute of limitations. This Court has already addressed the State's remaining arguments with respect to 3) Plaintiff stating a plausible claim for injunctive relief [4] and 4) whether Plaintiff is prohibited from maintaining the instant lawsuit on behalf of the Moorish International Mission.[5]

7) Next, Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). As a threshold matter, the party seeking such relief must demonstrate (1) a likelihood of success on the merits, and (2) that it is more likely than not that the party will suffer irreparable harm in the absence of injunctive relief. *See Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the

---

[4] This Court has denied Plaintiff's first Motion for Preliminary Injunction (ECF No. 14) and dismissed the second Motion for Preliminary Injunction (ECF No. 15). *See* ECF No. 54.

[5] As noted in n.2, *infra*, this Court has previously addressed the propriety of Plaintiff's representation of the Moorish International Mission.

complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming denial of injunction where harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords"). If the record does not, at a minimum, support both a likelihood of success on the merits and a finding of irreparable injury, preliminary injunctive relief cannot be granted. *Petlock v. Nadrowski*, No. 16-310, 2018 WL 491662, at *1 (D.N.J. Jan. 19, 2018).[6]

8) Plaintiff's Amended Motion for Preliminary Injunction asks the Court to issue an order requiring that the State release Plaintiff from his current incarceration on his pending state charges. However, Plaintiff's attempt to seek relief from incarceration by the filing of a motion for preliminary injunction must be denied because the exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Consequently, in light of the clearly established law, Plaintiff can neither establish likelihood of success on the merits nor irreparable harm to warrant imposition of the injunctive relief he seeks. Accordingly, Plaintiff's request must be denied on this basis.

---

[6] If the moving party satisfies the first two factors, the Court then considers (3) whether granting preliminary injunction would cause harm to the opposing party and (4) the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017). However, for the reasons explained, *infra*, the Court need not, and does not, reach these factors.

6

## **ORDER**

IT IS this _28th_ day of **June, 2023**, hereby

**ORDERED** that the State's Motion to Dismiss (ECF No. 19) is **GRANTED**.

**ORDERED** that Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 53) is **DENIED**.

**ORDERED** that Plaintiff's Complaint against the State is therefore **DISMISSED** with prejudice.

*Karen M. Williams*
_____
KAREN M. WILLIAMS
United States District Judge